# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE FTX TRADING LTD., *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | Bankr. Case No. 22-11068 (KBO) |
| _____ | : | |
| | : | |
| FTX TRADING LTD., ALAMEDA RESEARCH | : | Adv. No. 24-50185 (KBO) |
| LTD., NORTH DIMENSION INC., and | : | |
| MACLAURIN INVESTMENTS LTD., | : | |
| | : | |
| Plaintiffs, | : | Civ. No. 25-138-JLH |
| v. | : | |
| | : | |
| KEY SOLUTION DEVELOPMENT LTD., | : | |
| MERCHANT OASIS LTD., AND CHARLES | : | |
| YANG, INC., | : | |
| | : | |
| Defendants.[1] | : | |

## MEMORANDUM

Before the Court is the motion (D.I. 1) ("Motion for Leave") of Merchant Oasis Ltd. ("Movant"), defendant in the above-captioned adversary proceeding ("Adversary Proceeding") currently pending in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), which seeks an order withdrawing reference of the Adversary Proceeding under 28 U.S.C. § 157(d) for cause. The Motion for Leave is denied without prejudice to Movant's right to renew its request for withdrawal of the reference at such time as the proceeding is ready for trial.

## I.    BACKGROUND

---

[1] The docket of the adversary proceeding, captioned *FTX Recovery Trust v. Key Solutions Development, Ltd.*, Adv. No. 24-50185 (KBO) (Bankr. D. Del.), is cited herein as "Adv. D.I. __." The docket of the chapter 11 cases, captioned *In re FTX Trading, Ltd.*, No. 22-11068 (KBO) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __." On March 12, 2026, pursuant to a Voluntary Notice of Dismissal with Prejudice, the following defendants (not including Movant) were dismissed from the Adversary Proceeding: Genesis Block Ltd., Bluebird Capital Ltd., Clement Ip, Hung Ka Ho, Tin Ka Yu, Myth Success Ltd., GB Holdings, Ltd., GBV Capital, Inc. Nai Him Leslie Tam, Able Rise Corporate Development Ltd., GBV Technologies Ltd., and D21 Solutions Ltd. (*See* Adv. D.I. 167.)

1

### A.    The Parties and the Complaint

On or about November 11 and November 14, 2022, the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  It is by now a matter of public record that the individuals who ran the FTX Group (referred to in the Complaint as the "FTX Insiders") operated a wide-ranging and complex scheme to misappropriate FTX Group assets for, among other things, private homes and jets, political and "charitable" contributions, and various investments.  These investments included the transfers at issue in the underlying Adversary Proceeding, in which it is alleged that Movant, Merchant Oasis, received over $1.3 million of misappropriated funds in connection with an alleged scheme involving shares of Genesis Block Ltd.—a Hong Kong-based cryptocurrency trading firm.

On or about November 4, 2024, plaintiffs FTX Trading LTD., Alameda Research LTD., North Dimension Inc., and Maclaurin Investments LTD. ("Plaintiffs") filed a complaint initiating the Adversary Proceeding (Adv. D.I. 1) (the "Original Complaint") against Movant, Merchant Oasis, and defendants Genesis Block, Bluebird, Key Solution, Clement Ip, Hung Ka Ho, Tin Ka Yu, Charles Yang, Myth Success Ltd., GB Holdings, Ltd., GBV Capital, Inc., Nai Him Leslie Tam, Able Rise Corporate Development Ltd., GBC Technologies Ltd., and D21 Solutions Ltd. (together, the "Defendants").  Through the Complaint, Plaintiffs seek a judgment against Genesis Block and Bluebird declaring that all shares of Genesis Block held by Bluebird are Plaintiffs' property.  In the alternative, Plaintiffs seek to avoid and recover alleged fraudulent transfers to Merchant Oasis and other defendants who allegedly benefitted from the scheme.  Plaintiffs also seek disallowance and equitable subordination of all claims Defendants have filed in the Chapter 11 cases.

Of the twenty-six (26) claims for relief asserted in the Original Complaint, Movant asserts, only five claims seek relief against Movant.  (D.I. 1 at 2.)  Four claims are fraudulent transfer

allegations under state and federal law, and the fifth claim for relief seeks recovery of the alleged avoidable transfer under § 550(a)(1) of the Bankruptcy Code. (*Id.*) Movant asserts that it is not a creditor of the Debtors, has not filed a proof of claim in the underlying chapter 11 cases, has not submitted to the jurisdiction to the Bankruptcy Court, and has demanded a trial by jury. (*See id.* at 3.)

On February 3, 2025, Movant filed the Motion for Leave seeking withdrawal of the reference of the Adversary Proceeding to this Court.

On May 1, 2025, Plaintiffs filed their First Amended Complaint. (Adv. D.I. 71, 73.)

**B.      Movant's Pending Motion to Dismiss**

On March 6, 2025, Movant filed a letter advising this Court that it had filed a joinder with respect to several of its co-defendants' motions to dismiss the Adversary Proceeding. (D.I. 11.) On May 30, 2025, Movant filed its own Motion to Dismiss the First Amended Complaint, together with its brief and declaration in support. (Adv. D.I. 96, 97, 98.) The docket reflects that Movant's Motion to Dismiss is not yet fully briefed, as briefing deadlines have been stayed in connection with ongoing settlement negotiations, as set forth below.

**C.      The Current Stay**

The docket of the Adversary Proceeding reflects that the parties, including Movant, have been engaged in continuing negotiations to resolve the pending claims for several months. Specifically, the docket of the Adversary Proceeding reflects orders approving numerous stipulations among the parties—including Movant—staying all deadlines while settlement negotiations proceed. (*See* Adv. D.I. 111, 116, 122, 127, 131, 136, 140, 144, 156, 160.) As recently as March 12, 2026, Plaintiffs voluntarily dismissed with prejudice various Defendants from the Adversary Proceeding. (*See* D.I. 167.) While Movant was not among the Defendants dismissed, the Bankruptcy Court's recent Order, issued March 3, 2026, approved the parties'

3

stipulation further staying all deadlines in the Adversary Proceeding through and including April 10, 2026. (Adv. D.I. 164.)  The stipulation shows that settlement negotiations are expected to continue among the Plaintiffs and remaining defendants.

Briefing on the Motion for Leave is complete. (*See* D.I. 1, 9, 10.)  No party requested oral argument.

## II.    JURISDICTION AND APPLICABLE STANDARD

District courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  Pursuant to the authority granted by 28 U.S.C. § 157(a), this Court refers cases arising under title 11 to the United States Bankruptcy Court for the District of Delaware.  *See* Am. Standing Order of Reference, Feb. 29, 2012 (C.J. Sleet).

Federal law provides two bases for withdrawing that reference: mandatory withdrawal and permissive withdrawal.  28 U.S.C § 157(d).  With respect to a request for permissive withdrawal, which is relevant here, the statute provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, ***for cause shown***."  28 U.S.C. § 157(d) (emphasis added).  "The 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989) (internal quotations omitted).  To overcome that presumption, the moving party has the burden to prove that cause exists to withdraw the reference.  *See In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996).  In evaluating whether a movant has shown cause to withdraw the reference, district courts consider:

> 1. Whether the action is a "core bankruptcy proceeding" pursuant to 28 U.S.C. § 157(b), for which the Bankruptcy Court is authorized to enter a final judgment;
>
> 2. Whether "the parties have requested a jury trial"; and
>
> 3. Whether the five factors identified by the Third Circuit in *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990), are satisfied. The "*Pruitt* factors" are "whether withdrawal would (i) promote uniformity in bankruptcy administration, (ii) reduce forum shopping and confusion, (iii) conserve the debtors' and creditors' resources, and (iv) expedite the bankruptcy process, as well as (v) the timing of the request for withdrawal." *Id.* at 1171.

*See Burtch v. Zachem* (*In re TZEW Holdco L.L.C.*), No. 22-1268-GBW, 2023 WL 2663047, at *2 (D. Del. Mar. 28, 2023).  As noted by the Third Circuit, "cause" to withdraw the reference "will be present in only a narrow set of circumstances." *In re Pruitt*, 910 F.2d at 1171 (internal quotation marks and citations omitted).

## III.    ANALYSIS

For purposes of the Motion for Leave, Movant acknowledges that the claims Plaintiffs assert against Movant would likely be deemed "core." (D.I. 1 at 5.)  While identifying the *Pruitt* factors, the Motion for Leave does not address them individually.  Rather, Movant's primary argument is that "[e]ven if the Delaware Bankruptcy Court finds that the claims in the Adversary Proceeding are core proceedings, it may only conduct a jury trial if it is designated to do so by the district court ***and*** all parties consent." (*Id.* at 7 (citing 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.")).)  "[Movant] does not consent to a jury trial in the Delaware Bankruptcy Court." (*Id.*)  "Therefore," Movant argues, "cause exists to withdraw the reference." (*Id.*)

Conversely, Plaintiffs argue that Movant has not carried its burden of establishing cause at

such a preliminary stage of the proceeding, where the claims are core, there are pending motions to dismiss, and no other Defendants in the Adversary Proceeding have sought to withdraw the reference. According to Plaintiffs, the proper time for the Court to consider whether to withdraw the reference is when the Adversary Proceeding is ready for trial. (*See* D.I. 9 at 3.) The Court agrees.

Although assertion of a right to jury trial coupled with refusal to consent to such trial before the bankruptcy court is not "itself sufficient cause for discretionary withdrawal," it is one of the factors the Court considers. *See Off. Comm. of Unsecured Creditors v. Fed. Indus. Prods.* (*In re It Grp., Inc.*), No. 06-661-JJF, 2007 WL 211179, at *2 (D. Del. Jan. 26, 2007). Case law in this District generally holds that even where a right to a jury trial exists, "[w]ithdrawal of the reference . . . should be deferred until the case is 'trial ready.'" *In re TZEW Holdco LLC*, 2023 WL 2663047, at *2 (quoting *In re Big V Holding Corp.*, 2002 WL 1482392, at *5 (D. Del. July 11, 2002)). Even assuming that Movant has demonstrated that it is entitled to a trial by jury, it has shown no reason why its refusal to consent to a jury trial before the Bankruptcy Court requires that the reference be withdrawn *now*, rather than when the Adversary Proceeding is ready for trial.

"Withdrawal of the reference … depends on particular circumstances of each case, including whether the case is likely to reach trial" but generally "such a right [to jury trial] does not compel withdrawing the reference until the case is ready to proceed to trial." *Schneider v. Riddick* (*In re Formica Corp.*), 305 B.R. 147, 150 (S.D.N.Y. 2004). In deciding whether to withdraw a case from the bankruptcy court based on a jury demand, courts consider (1) whether the case is likely to reach trial; (2) whether protracted discovery with court oversight will be required; and (3) whether the bankruptcy court is familiar with the issues presented. *See In re Enron Corp.*, 317 B.R. 232, 235 (S.D.N.Y. 2004). None of those factors support withdrawal of the reference at this time.

As to the first factor, the docket reflects that the case remains in its preliminary stages and has been stayed to allow ongoing settlement negotiations. Additionally, Movant's motion to dismiss remains pending and not yet fully briefed. It is unclear whether the motion to dismiss could narrow issues for trial or end the litigation. Other motions to dismiss also remain pending. Because of the numerous "unresolved pretrial matters, especially discovery, one can only speculate when it will proceed to trial, if at all." *In re Enron Corp.*, 317 B.R. at 235.

Second, while discovery is in its early stages (*see* Adv. D.I. 47, 48), all associated deadlines are also currently stayed, and it remains a possibility that significant discovery with Bankruptcy Court oversight will be required to adjudicate the Complaint, which asserts five claims against Merchant Oasis. "Plaintiffs anticipate taking discovery of Merchant Oasis (and other defendants), including by serving document requests and interrogatories, taking up to 20 fact-witness depositions as permitted by the Scheduling Order [Adv. D.I. 45], and conducting expert discovery." (D.I. 9 at 10-11.) *See In re TZEW, at *3* (observing that "significant Bankruptcy Court oversight" of discovery relating to claims against eight individuals would be required).

Third, the Bankruptcy Court has committed substantial time and effort to overseeing these chapter 11 cases, which have been described as the result of a "situation [that] is unprecedented," involving nearly 100 corporate entities stemming from a "complete failure of corporate controls" and a "complete absence of trustworthy financial information." (*See* Bankr. D.I. 24 (*Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings*) at ¶ 5.) The Bankruptcy Court is uniquely familiar with the unique facts and peculiarities of these chapter 11 cases and is adjudicating a number of other adversary proceedings involving similar facts. The Bankruptcy Court is, therefore, best suited to adjudicate pretrial motions and discovery disputes. *See In re LTC Holdings*, 2019 WL 4643801, at *8 (D. Del. Sept. 24, 2019) ("The parties' resources . . . are likely better served by the Bankruptcy Court's retention of the Adversary Proceeding based

on its familiarity with the underlying facts and issues."); *Burtch v. Kauchek* (*In re Circle of Yoakum*), No. 06-328-KAJ, 2006 WL 2347710, at *2 (D. Del. June 23, 2006) (finding that judicial economy favored Bankruptcy Court resolving pretrial proceedings because of its familiarity with facts).

In sum, even if the Court concludes that, at some future time, it must oversee a jury trial, withdrawal of the reference now is premature. *See In re AgFeed*, *USA, LLC*, 565 B.R. 556, 566 (D. Del. 2016) ("Permitting the Bankruptcy Court to oversee pretrial matters in this proceeding, and withdrawing it only when it is ripe for a jury trial, promotes judicial economy and a timely resolution of this case."). Movant has offered no substantive response to these points in its brief reply, which focuses on the merits of the Adversary Proceeding. If the Court determines the relief requested should be deferred until the case is trial ready, Movant "respectfully requests that the Motion [for Leave] be adjourned or denied without prejudice, subject to consideration or refiling at a later date." (D.I. 10 at 3.) The Court agrees that this is the appropriate disposition.

## IV.   CONCLUSION

For the reasons explained above, Movant has not demonstrated cause to withdraw the reference at this time. Accordingly, the Motion for Leave is denied without prejudice to Movant's right to renew its request for withdrawal of the reference at such time as the Adversary Proceeding is ready for trial. A separate Order will be entered.

March 17, 2026

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE